**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Mueller, | No. CV-20-00045-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Car Wash Partners Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Leave to Amend Complaint (Doc. 47), and Defendant's combined Response and Motion to Strike (Doc. 48).[1]  For the following reasons, both Motions will be denied.

**I.     Background**

Plaintiff initiated this action on January 27, 2020, alleging that Defendant terminated her employment because she was pregnant, in violation of Title VII of the Civil Rights Act of 1964.  (Doc. 1 at 4.)[2]  The Court issued a Scheduling Order setting a June 30, 2020 deadline for amending pleadings, a December 11, 2020 deadline for completing discovery, and a January 11, 2021 deadline for filing dispositive motions. (Doc. 22 at 1-3.)[3]

Plaintiff filed the pending Motion to Amend on December 15, 2020—nearly six

---

[1] Defendant's Motion for Summary Judgment (Doc. 51) will be resolved separately.
[2] All record citations herein refer to the page numbers generated by the Court's electronic filing system.
[3] These deadlines were proposed by the parties in their Joint Rule 26(f) Report.  (Doc. 20 at 6-7.)

months after expiration of the deadline for amending pleadings, four days after the close of discovery, and less than a month before the dispositive motion deadline. (Doc. 47.)

## II. Motion to Strike

Defendant asks the Court to strike Plaintiff's Motion to Amend on the grounds that it fails to abide by this Court's Scheduling Order and Federal Rule of Civil Procedure 16. (Doc. 48 at 1-2, 4-7, 10.) Defendant also asks the Court to order Plaintiff to pay the attorneys' fees it incurred in responding to the Motion, as a sanction under Federal Rule of Civil Procedure 16(f). (*Id.*)

### A. Legal Standard

"[A] motion to strike may be filed only if it is authorized by statute or rule . . . or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv 7.2(m)(1). Under Federal Rule of Civil Procedure 16(f)(1)(C), the Court "may issue any just orders" if a party or its attorney "fails to obey a scheduling . . . order." "Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance" with Rule 16, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

### B. Discussion

The Court construes Plaintiff's Motion to Amend as both requesting leave to amend her Complaint and requesting modification of the Court's Scheduling Order. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Although motions to extend deadlines set forth in the Scheduling Order should be filed prior to expiration of the deadline that the movant seeks to extend (Doc. 22 at 6), the Court does not find that striking Plaintiff's Motion to Amend or imposing sanctions under Federal Rule of Civil Procedure 16(f) is appropriate under the circumstances. Instead, the Court will consider Plaintiff's diligence in seeking modification of the Scheduling Order as part of its analysis of the merits of her Motion to Amend. Accordingly, Defendant's Motion to

Strike will be denied.

## III. Motion to Amend

Plaintiff requests leave of Court to amend her Complaint to add a request for punitive damages along with the following allegations: (1) "Defendant engaged in unlawful intentional discrimination and acted either with malice or with reckless indifference to Plaintiff's federally protected rights" and (2) "Because Defendant engaged in unlawful intentional discrimination and acted with malice or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to an award of punitive damages against Defendant pursuant to 42 U.S.C. § 1981a(a)(1)." (Doc. 47-1 at 3-4.)

### A. Legal Standard

When a scheduling order's deadline for amending pleadings has expired by the time a motion to amend is filed, the motion is properly examined first under Federal Rule of Civil Procedure 16(b) as a motion to modify the scheduling order. *Coleman*, 232 at 1294. Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "This standard 'primarily considers the diligence of the party seeking the amendment.'" *Coleman*, 232 F.3d at 1294 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). Modification of a scheduling order is appropriate if the order "cannot reasonably be met despite the diligence of the party seeking" the modification. Fed. R. Civ. P. 16 advisory committee's notes to 1983 amendment. But if the moving "party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *see also Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005) ("Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders . . . .").

If the party seeking to amend shows good cause under Rule 16(b)(4), the Court must then analyze whether amendment would be proper under the liberal requirements of Rule 15(a). *Johnson*, 975 F.2d at 608. With the exception of amendments made as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The

- 3 -

1 Court has discretion in determining whether to grant or deny leave to amend, *Foman v. Davis*, 371 U.S. 178, 182 (1962), but leave should freely be given "when justice so requires," Fed. R. Civ. P. 15(a)(2).  In determining whether to grant leave to amend under Rule 15(a)(2), the Court considers whether there has been "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'"  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (quoting *Foman*, 371 U.S. at 182).

### B. Discussion

A plaintiff bringing a Title VII action against a defendant that "engaged in unlawful intentional discrimination" may recover punitive damages if she demonstrates that the defendant "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the [plaintiff's] federally protected rights."  42 U.S.C. § 1981a(a)(1), (b)(1).  To be liable for punitive damages, an employer must "discriminate in the face of a perceived risk that its actions will violate federal law."  *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999).

Plaintiff argues that when she filed her original Complaint she "did not have sufficient knowledge about Defendant's evidence in order to assert a claim for punitive damages" but that she discovered facts supporting such a claim during depositions taken in November and December 2020.  (Doc. 47 at 1-2; Doc. 49 at 1.)  Plaintiff avers that she "could not have known until" those depositions that Defendant "had no legitimate reason" to terminate her.  (Doc. 49 at 3.)  But this entire action is premised on Plaintiff's allegation that Defendant terminated her not for a legitimate reason but "because of her pregnancy."  (Doc. 1 at 4.)  The evidence that Plaintiff purports to have discovered during the November and December 2020 depositions does not substantially differ from the factual allegations of her original Complaint.  (*Compare* Doc. 49 at 3 (averring that Plaintiff discovered her supervisor, Mayra Chimienti, learned she was pregnant in

January 2019 and terminated her in February 2019 due to her "negativity"), *with* Doc. 1 at 3 (alleging that Chimienti noticed Plaintiff was pregnant in January 2019 and terminated her in February 2019 for "spreading negativity").) Indeed, Plaintiff avers that her proposed amendment would not require additional discovery because her "factual allegations have not changed." (Doc. 49 at 2.) If the existing factual allegations of Plaintiff's Complaint support a claim for punitive damages, then there is no reason why Plaintiff could not have asserted such a claim when she filed that Complaint in January 2020.

But even accepting Plaintiff's argument that she lacked knowledge of evidence supporting a claim for punitive damages until she deposed Defendant's employees in November and December 2020, Plaintiff has not shown diligence for purposes of Federal Rule of Civil Procedure 16(b)(4). If Plaintiff believed that she could assert a claim for punitive damages if she discovered evidence that Defendant did not have a legitimate reason to terminate her, then she could have deposed Defendant's employees—or served requests for written discovery regarding Defendant's reasons for terminating her—earlier in the discovery period, before the deadline for amending pleadings had expired. If she was unable to do so despite reasonable diligence, she could have sought an extension of the deadline. Instead, she waited until the end of the discovery period to depose Defendant's employees and waited until after discovery had closed to move to amend.

Because Plaintiff's Motion to Amend is untimely under the Court's Scheduling Order and Plaintiff has not established good cause under Federal Rule of Civil Procedure 16(b)(4) to modify the Scheduling Order, the Court need not reach the Rule 15(a) standard for amending pleadings. *See Johnson*, 975 F.2d at 609 (if the moving party fails to show diligence under Rule 16(b)'s "good cause" standard, "the inquiry should end"). The Court notes, however, that allowing Plaintiff to amend her Complaint to assert a punitive damages claim at this juncture would prejudice Defendant. Defendant avers that Plaintiff did not indicate she was considering pursuing punitive damages until she filed the pending Motion to Amend, at which time Defendant "was already in the process of

preparing its dispositive motion." (Doc. 48 at 7, 9.)  Defendant's Motion for Summary Judgment is currently pending before the Court.  (Doc. 51.)  To ameliorate prejudice to Defendant, the Court would likely need to reopen discovery and allow Defendant to file a supplemental dispositive motion, which would unduly delay these proceedings.

**IT IS ORDERED** that Defendant's Motion to Strike (Doc. 48) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 47) is **denied**.

Dated this 16th day of February, 2021.

_____
Honorable Rosemary Márquez
United States District Judge